In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 18-1823

SANCHELIMA INTERNATIONAL, INC., *et al.*,

*Plaintiffs-Appellees*,

*v.*

WALKER STAINLESS EQUIPMENT CO., LLC, *et al.*,

*Defendants-Appellants*.

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 16-cv-644-jdp — **James D. Peterson,** *Chief Judge*.

_____

ARGUED DECEMBER 4, 2018 — DECIDED APRIL 10, 2019

_____

Before BAUER, KANNE, and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. Decades ago, the Wisconsin Supreme Court interpreted two limited remedy provisions of the Uniform Commercial Code in *Murray v. Holiday Rambler, Inc.*, 265 N.W.2d 513 (Wis. 1978). Wisconsin courts, and this court, have faithfully applied *Murray* since. But several other states have interpreted the same UCC provisions differently. On this basis alone, appellants ask us to overturn *Murray*, or at the least to certify the question to the Wisconsin Supreme

Court. We cannot overturn established state precedent simply because it may be out of step with modern trends. A Japanese proverb may teach that "the nail that sticks out gets hammered down." But federal courts wield no such hammer when it comes to issues of state law. *Murray* remains the binding interpretation under Wisconsin law until and unless the Wisconsin Supreme Court decides to overturn it.

## I.

This case comes to us in diversity. The defendants, Walker Stainless Equipment Co., LLC and its affiliates, manufacture dairy silos. The plaintiffs, Sanchelima International, Inc. and its affiliate, sell dairy silos in Latin America.[1] In 2013, after decades of doing business together, the parties entered into a distribution agreement providing that Sanchelima would serve as Walker's exclusive distributor of dairy silos in thirteen Latin American countries. Walker agreed not to sell silos directly to third parties in those thirteen countries.

The contract contained a limited remedies provision and a damages disclaimer. Section X(F) of the distribution agreement reads:

> **Manufacturer Liability Limitations.** To the extent a … claim … arises out of any purchase order … or otherwise aris[es] out of this agreement, [Walker's] aggregate total liability for any and all such claims shall be capped at, and [Walker] shall have no liability to Sanchelima … in excess of, the amount(s) paid

---

[1] Walker and its affiliate co-defendants are all citizens of Delaware and Indiana. Sanchelima and its affiliate co-plaintiff are citizens of Florida and Mexico.

by [Sanchelima] to [Walker] under such purchase order, subject to section X(G). Except for the foregoing liabilities, [Walker] … shall have no liability to [Sanchelima] for any claim … arising out of or in connection with this agreement, the products, [Walker] trademarks, documentation, or any business activity of [Sanchelima].

Section X(G) of the distribution agreement reads:

**Liability Exclusions.** No [Walker-affiliated company] shall be liable to any [Sanchelima-affiliated company] for any special, indirect, incidental or *consequential losses or damages including, without limitation, any lost profits* or punitive damages, arising out of or in connection with this agreement, the products, documentation, [Walker] trademarks or any business activity of [Sanchelima].

(emphasis added). We refer to sections X(F) and X(G) collectively as the limited remedies provision. The contract's choice of law provision selected Wisconsin law.

After the agreement was signed, Sanchelima started to market Walker products in Mexico. Sanchelima hired sales representatives for its Mexico office and attended Mexican trade shows. Walker assigned a representative to work with Sanchelima in Mexico, but otherwise took no affirmative steps to market its products in the thirteen countries covered by the distribution agreement.

Walker's lack of marketing did not prevent it from making significant direct sales in Latin America, cutting out

Sanchelima as the distribution middle man. In 2014, Walker sold over $600,000 worth of dairy silos, for distribution to a factory in Monterrey, Mexico. A few days later, Walker sold a silo to a Nicaraguan company for over $66,000. In 2015, Walker sold silos to a Nestlé plant in Mexico for almost $3 million. And in 2017, Walker sold two processor tanks to a Mexican juice company for almost $160,000.

Sanchelima learned of the Nestlé sale and notified Walker that it considered it to be a breach of the distribution agreement. When mediation talks broke down, Sanchelima filed this suit in 2016.[2] Six months later, Walker notified Sanchelima it was terminating their agreement without cause. Sanchelima sought lost profits of more than $600,000 on its breach of contract claims. Walker denied breaching the distribution agreement and raised several affirmative defenses and counterclaims. On appeal, only one is relevant: Walker raised the limited remedies provision of the distribution agreement as an affirmative defense and noted it explicitly precludes recovery of "any lost profits … arising out of or in connection with the Distributor Agreement … ."

Walker moved for summary judgment relying on the contract's limited remedies provision. The district court denied the motion and held that provision violates Wisconsin's version of the UCC § 2-719, codified at Wis. Stat. § 402.719,[3] which reads in relevant part:

---

[2] Though the original suit concerned only the 2016 Nestlé sale, Sanchelima added claims relating to the 2014 and 2017 sales after discovery revealed them.

[3] Wis. Stat. § 402.719 uses language identical to that in UCC § 2-719.

> (2) Where circumstances cause an exclusive or limited remedy to *fail of its essential purpose*, remedy may be had as provided in chs. 401 to 411.
>
> (3) *Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable.* Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

(emphases added). Because the limited remedy provision provided no relief for Walker's breach of the exclusivity provision, the court held it failed of its essential purpose and was unconscionable. The district court therefore considered all UCC remedies, including consequential damages for lost profits.

The case was tried to the bench. The court found that Walker breached the parties' contract and that, but for Walker's breach, Sanchelima would have made all of the sales Walker made in Mexico.[4] Applying Sanchelima's average gross profit margin on Walker products to Walker's gross revenue on the sales in question, the district court awarded Sanchelima $778,306.70 in damages for lost profits. Walker appealed.

## II.

Only damages are at issue here. The district court held that the consequential damages disclaimer in Section X(G) did not

---

[4] The court found Sanchelima would not have made the sale in Nicaragua because Sanchelima has no presence in that country.

apply because the limited remedies provision failed of its essential purpose to provide Sanchelima relief for Walker's breach of exclusivity. The court so ruled based on Wisconsin's interpretation of UCC § 2-719.

Although UCC § 2-719(3) allows contracting parties to limit remedies for breach of contract and disclaim consequential damages (provided the limitations are not unconscionable), UCC § 2-719(2) makes all UCC remedies available when such a limited remedies provision "fail[s] of its essential purpose." In interpreting these two provisions, the Wisconsin Supreme Court has adopted the "dependent approach." *See Murray*, 265 N.W.2d at 519–20. Under the dependent approach, if a litigant proves the limited remedy fails of its essential purpose under UCC § 2-719(2), any accompanying consequential damages disclaimer is *per se* unconscionable under UCC § 2-719(3). *Murray*, 265 N.W.2d at 526 ("Thus, although an express warranty excludes consequential damages, when the exclusive contractual remedy fails, the buyer may recover consequential damages … as though the limitation had never existed.").

When the Wisconsin Supreme Court decided *Murray*, a majority of states had adopted the dependent approach in interpreting UCC § 2-719(2) and (3). *See, e.g.*, *Ehlers v. Chrysler Motor Corp.*, 226 N.W.2d 157, 160–62 (S.D. 1975); *Adams v. J.I. Case Co.*, 261 N.E.2d 1, 7–8 (Ill. App. Ct. 1970); *see also* Debra L. Goetz *et al.*, *Article Two Warranties in Commercial Transactions: An Update*, 72 CORNELL L. REV. 1159, 1307 (1987) ("A majority of cases have answered correctly that the failure of an exclusive remedy voids the consequential damages exclusion clause … .").

But in the intervening decades since *Murray*, many courts have shifted to the "independent approach," where even if a limited remedy fails of its essential purpose under UCC § 2-719(2), an accompanying consequential damages disclaimer is not necessarily "unconscionable" under UCC § 2-719(3). The litigant must still prove procedural and substantive unconscionability to invalidate a limitation on consequential damages. Today, most state courts use the independent approach, including states whose earlier adoptions of the dependent approach were relied on by the Wisconsin Supreme Court in *Murray*. *See, e.g.*, *Razor v. Hyundai Motor Am.*, 854 N.E.2d 607, 616–18 (Ill. 2006) (overturning *Adams*, relied on in *Murray*); *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 947–52 (Ind. 2001); *see also* 1 WHITE, SUMMERS, & HILLMAN, UNIFORM COMMERCIAL CODE § 13:22 (6th ed.) (endorsing the independent approach, identifying it as the "majority view," and citing dozens of state and federal cases adopting it).

Walker argues this court should use the independent approach when applying Wisconsin law. Walker claims *Murray*'s discussion of § 402.719(2) and (3) was mere dicta and that Wisconsin has never adopted the dependent approach (or the independent approach).

Walker's contention is contradicted by a series of cases from Wisconsin and this court which have consistently held that *Murray* adopted the dependent approach. *See, e.g.*, *Trinkle v. Schumacher Co.*, 301 N.W.2d 255, 259 (Wis. 1980) (awarding consequential damages when a limited warranty in a fabric sales contract failed of its essential purpose); *Phillips Petroleum Co. v. Bucyrus-Erie Co.*, 388 N.W.2d 584, 592 (Wis. 1986) (strik-

ing a remedy limitation from the contract and applying all or-
dinary UCC remedies because of a violation of § 402.719(2));
*see also Waukesha Foundry, Inc. v. Industrial Engineering, Inc.*, 91
F.3d 1002, 1010 (7th Cir. 1996) ("If a buyer demonstrates the
impotence of the contractually established remedy under sec-
tion 2-719(2), he may then avail himself of the remedies pro-
vided elsewhere in the UCC."); *Fidelity & Deposit Co. of Md. v.
Krebs Engineers*, 859 F.2d 501, 504 (7th Cir. 1988) ("Other
courts have given effect to consequential damages disclaim-
ers even when exclusive remedies failed of their essential pur-
poses. … But whatever the merit of Krebs' argument as an
original matter, it is now Wisconsin law."). Every case on
point we found in Wisconsin and from our court holds that
*Murray* affirmatively adopted the dependent approach.

Walker next argues if the Wisconsin Supreme Court were
to hear this case today, it would adopt the independent
approach, so we should overturn *Murray* on the state court's
behalf. Walker suggests if we are hesitant to do so, we should
certify the question to that court.

Federal courts sitting in diversity can decide cases involv-
ing unresolved issues of state law by predicting how the rele-
vant state court would rule. *See, e.g., Straits Financial LLC v.
Ten Sleep Cattle Co.*, 900 F.3d 359, 369 (7th Cir. 2018) ("[I]f a
question of law has not yet been decided by that court, we are
to make a prediction of how the Supreme Court of [the state]
would rule on it … .") (internal quotation marks omitted). But
absent a conflict with the Constitution or a federal law, we
cannot overturn established state precedent. The so-called
"*Erie* guess" is not an *Erie* veto.

Nor may we certify this question to the Wisconsin
Supreme Court to check if that court has changed its mind on

§ 402.719. We certify a question to a state court only if "the rules of the highest court of [the] state provide for certification to that court … ." 7TH CIR. R. 52(a); *see also In re Hernandez*, No. 18-1789, slip op. at 12 (7th Cir. Mar. 18, 2019) (applying Circuit Rule 52(a)). The Wisconsin Supreme Court may answer only certified questions "to which it appears to the certifying court there is *no controlling precedent* in the decisions of the supreme court and the court of appeals of this state." Wis. Stat. § 821.01 (emphasis added). Here, the controlling precedent is *Murray*. Because the Wisconsin Supreme Court would have no jurisdiction to answer a certified question from this court on § 402.719, we have no authority to certify it under 7TH CIR. R. 52(a). If Wisconsin is to adopt the independent approach, its own courts must do so.

## III.

Typically, this would not end our inquiry, because we would still need to examine whether the limited remedies provision actually failed of its essential purpose under § 402.719(2). But here, Walker argued in its summary judgment brief that the distribution agreement gave Sanchelima "no recoverable damages." Defendants' Brief in Support of Its Motion for Partial Summary Judgment at 2, *Sanchelima Int'l Inc. v. Walker Stainless Equipment Co.*, No. 16-cv-00644-jdp, 2018 WL 1401195 (W.D. Wis. Mar. 19, 2018), ECF No. 45. As the district court stated in denying summary judgment, "[t]his is exactly the type of limitation that § 402.719 renders unenforceable." Order Denying Motion for Partial Summary Judgment at 6, *Sanchelima*, 2018 WL 1401195, ECF No. 66. Though Walker later sought to reverse course in its motion for reconsideration, claiming other damages *were* available under the contract, the district court correctly noted that

Walker "should have adduced this evidence and advanced this argument in [its] summary judgment motion …" Order Denying Motion for Reconsideration at 3, *Sanchelima*, 2018 WL 1401195, ECF No. 78. As such, the issue is waived. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

The district court correctly decided the only issue presented in this appeal, so we AFFIRM its judgment.